PECK, STOW & WILCOX CO., PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 12261.   Promulgated June 13, 1928.

*H. A. Mihills, C. P. A.*, for the petitioner.
*Orris Bennett, Esq.*, and *Hartford Allen, Esq.*, for the respondent.

570

OPINION.

Siefkin: On December 28, 1925, a notice of deficiency of $92,825.78 was mailed to the petitioner by registered mail, and on February 22,

1926, a petition was filed with this Board. On November 10, 1926, the petitioner agreed to the immediate assessment of $92,000 of the deficiency and on November 27, 1926, such amount was assessed and on December 30, 1926, it was paid. The petitioner now contends that assessment and collection were barred by the statute of limitations.

The net result of the various instruments noted in our findings of fact gave the Commissioner until December 31, 1926, for assessment. The last two instruments were signed by the petitioner after the Revenue Act of 1924 became a law. It may be presumed, as a matter of law, that the provisions of that Act were contemplated by the parties. Section 277 (*b*) of that Act provides:

(*b*) The period within which an assessment is required to be made by subdivision (*a*) of this section in respect of any deficiency shall be extended (1) by 60 days if a notice of such deficiency has been mailed to the taxpayer under subdivision (*a*) of section 274 and no appeal has been filed with the Board of Tax Appeals, or, (2) if an appeal has been filed, then by the number of days between the date of the mailing of such notice and the date of the final decision by the Board.

Section 278 (*d*) of the same Act provides:

(*d*) Where the assessment of the tax is made within the period prescribed in section 277 or in this section, such tax may be collected by distraint or by a proceeding in court, begun within six years after the assessment of the tax. Nothing in this Act shall be construed as preventing the beginning, without assessment, of a proceeding in court for the collection of the tax at any time before the expiration of the period within which an assessment may be made.

Section 278 (c) of the same Act provides:

(c) Where both the Commissioner and the taxpayer have consented in writing to the assessment of the tax after the time prescribed in section 277 for its assessment the tax may be assessed at any time prior to the expiration of the period agreed upon.

It follows that, the notice of deficiency having been mailed to the petitioner within the period agreed by the parties and a petition having been filed with this Board, the period for assessment has not yet expired and, by the provisions of section 278 (*d*) quoted above, the collection is not now barred.

The petitioner also contends that it should be entitled to a deduction in the amount of $11,966.77 in the taxable year ended June 30, 1918. This amount represents the portion of the profits realized by the petitioner during that year upon the sale of a patented screwdriver. In 1918 the owners of a screw-driver patent sued the petitioner for infringement of its patent, and the United States District Court, on April 26, 1919, rendered judgment against the petitioner. Upon appeal to the Circuit Court of Appeals the judgment was affirmed on December 10, 1919. Certiorari was denied by the United

## 572

States Supreme Court as reported in 263 U. S. 497. In accordance with the court decision a master's report was prepared, showing damages due from the petitioner in the amount of $48,451.87, but the parties to the suit agreed to damages in the amount of $45,000, and this sum was paid by the petitioner in 1923.

Section 214 (*a*) of the Revenue Act of 1918 provides:

That in computing net income there shall be allowed as deductions;

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in trade or business.

In *Lodi Canning Co.*, 2 B. T. A. 708, we held that where goods were sold and shipped in 1919, and were rejected upon arrival in 1920, and the differences were arbitrated and settled against the petitioner in 1920, a loss claimed in this regard for 1919 could not be allowed.

Also, in *Gopher Granite Co.*, 5 B. T. A. 1216, we held that the amount paid in 1922 in settlement of a law suit instituted in 1920 is not deductible in 1920.

In this proceeding, however, the evidence is that the petitioner, from 1919, until the termination of the litigation, was contesting any liability. In accordance with the Board cases cited herein, we must hold that the amount paid by the petitioner in 1923 is not an allowable deduction for the fiscal year ended June 30, 1918.

*Judgment will be entered for the respondent.*